IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OMARI B. FOSTER | : |
| Plaintiff *pro se* | : |
| v | :   Civil Action No.  L-11-3663 |
| KATHLEEN HETHERINGTON, et al. | : |
| Defendants | : |

**MEMORANDUM**

Pending is Omari B. Foster's ("Foster") Complaint, as supplemented, and a motion to proceed in forma pauperis.  The Court will grant him leave to proceed in forma pauperis and dismiss the Complaint for failure to state a cause of action.

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief and the relief that is sought.  See F. R. Civ. P. 8 (a) (2) and (3). Where, as here, the litigant is self-represented, his pleadings are held to a less stringent standard than those drafted by attorneys.   A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).   Even under this liberal standard of review, the Court is unable to find any factual predicate to support a federal claim.  A district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  Further, the court may dismiss a suit filed in forma pauperis, for lack of subject matter jurisdiction or for failure to state a claim, if at any time the court determines that the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii).

Under F. R. Civ. P. Rule 8, a complaint must allege facts with sufficient specificity to inform defendants what they are accused of so that they can answer or respond to the allegations. See Fed. R. Civ. P. 8; see also, e.g., Chao v. Rivendell Woods, Inc., 415 F.3d 342, 347-48 (4th Cir. 2005) (a complaint must "sufficiently allege [ ] each element of the cause of action so as to inform the opposing party of the claim and its general basis").  Nothing in the instant Complaint provides Defendants with adequate notice of the allegations against them.  Foster states generally "the facts of the case is [sic] non-reinstatement to the Community College of Howard County" after compliance with 20 U.S.C. §§ 1681- 1688[1] was requested and "fraudulent statements" were made by Defendants.  Complaint, p. 2.  He indicates a disciplinary hearing was held but does not explain what facts were considered or particularize the "fraudulent statements" allegedly made.  Supplement, p. 2.  In sum, the Complaint and supplement fail to provide any facts supporting a federal claim for sexual discrimination.  Additionally, Foster failed to comply with this Court's Order of January 25, 2012, directing him to: 1) explain the events on which his allegations are based; 2) when these events occurred; and 3) his attempts made to resolve these concerns through administrative process.  For these reasons, the case will be dismissed in a separate order to follow.

February 29, 2012

/s/
_____
Benson Everett Legg
United States District Judge

---

[1] 20 U.S.C. § 1681 et seq, in part provides: "No person * * * shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." Id. § 1681(a).

2